UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CA 04 342 T

LORENZO WOODS, )
Petitioner, )
-vs- ) Case No. 00-00092-T
UNITED STATES OF AMERICA, )
Respondent. )

MOTION TO VACATE, SET ASIDE OR
CORRECT SENTENCE PURSUANT TO SECTION 2255(3)

COMES NOW, Lorenzo Woods, Petitioner pro se, and hereby respectfully moves this Honorable Court to vacate his sentence based on the claims to be averred herein.

As a way of introduction, Petitioner was indicted and charged with three counts of federal drug law violation. Count one charged conspiracy to distribute more than 5 grams of cocaine base, 21 U.S.C., §846, a class B felony; count two charged distribution of more than 5 grams of cocaine base, 21 U.S.C., §841(a)(1) and (b)(1)(B), a class B felony; and count three charged distribution of cocaine, 21 U.S.C., §841(a)(1) and (b)(1)(C), a class C felony.

Petitioner took a guilty plea to this indictment on October 2, 2000. During the guilty plea taking, quantity of drugs was thrown around, 1.14 grams of crack (June 17, 1999 allegation), 6.29 grams of cocaine base (March 11, 1997 allegation and 47.2 grams of crack (1999 allegation). Altogether 59.64 grams were utilized by the PSI to inform this Court of the overall drug quantity that

Petitioner was responsible for. None of these quantities, however, was admitted to by this Petitioner. Indeed, Petitioner contested the quantity used against him.

Petitioner's conviction became final on April 30, 2004 because the First Circuit denied his appeal on January 2003, and given the additional 90 days for certiorari, Petitioner's conviction became final on April 30, 2004. See Clay v. United States, 537 U.S. 522 (2003).

No section 2255 motion was filed earlier within those fifteen months. As such this section 2255 motion is filed under part 3 of the within statute (§2255(3)) which states:

> "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Petitioner's motion relies on Apprendi v. New Jersey, 120 S. Ct. 2348(2000) which was made retroactively applicable to Petitioner's case, and clarified by Blakely v. Washington, 2004 U.S. LEXIS 4573 (6-24-04). See Patterson v. United States, 2004 U.S.Dist. LEXIS 12402(ED. MI 6-25-04)(Blakely retroactively applicable on collateral review if defendant's sentence was not yet "final" when Apprendi was decided.)

Accordingly, Petitioner's motion, per Blakely and its retroactivity to this case, Blakely having been recently decided on June 24, 2004, is timely, and should be fully litigated on the merits.

1. PETITIONER'S SENTENCE IS UNCONSTITUTIONAL BECAUSE THE APPLICABLE DRUG QUANTITY WAS DECIDED BY THIS COURT CONTRARY TO BLAKELY

Under Blakely, a constitutionally firm sentence is one where all aggravating sentencing factors are found either by the jury, or

explicitly admitted by the defendant. Apprendi announced this but the courts misunderstood what the Apprendi court meant by "statutory maximum." Now Blakely has finally clarified what the Supreme Court meant, that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."Id., *14.

This said, courts have now understood what "statutory maximum" is in applying the sentencing guidelines. This Petitioner is going to use this meaning to show what his career offender guidelines should look like.

Because Petitioner did not admit to any drug quantity nor did the jury find any, the guidelines for detectable amount should be used to determine the "statutory maximum." See United States v. Ameline, 2004 WL 1635808(9th Cir. (Mont.) )("the maximum sentence under the guidelines that the district judge could have imposed without any further findings---would have been 16 months, given a base offense level of 12 (U.S.S.G., §2D1.1(c)(14))."

Because Petitioner was sentenced under the career offender guidelines, level 12 at criminal history category VI yields **30-37 months**; the maximum here being 37 months. Under §4B1.1, 37 months is "More than 1 year, but less than 5 years" for offense level 12. See §4B1.1(G). When level 2 levels are reduced from 12, the base offense level becomes 10 at criminal history category VI for a sentencing range of 24 to 30 months. For re-sentencing herein, in conformity with Apprendi, Blakely, and the Sixth Amendment of

the constitution, Petitioner's sentence should be 30 months.

2. EVEN IF DETECTABLE AMOUNT IS NOT USED, AND THAT 50 GRAMS BUT LESS THAN 150 GRAMS OF COCAINE BASE (AS THE PSI FOUND) WERE TO BE USED, PETITIONER'S SENTENCE IS STILL VIOLATIVE OF THE CONSTITUTION.

Under the guidelines, 50 to 150 grams of cocaine base amount to offense level 32. Under Blakely, the statutory maximum under level 32 is 121-151 months. Using 151 months which is the maximum under the guidelines, amounts to 10 years but less than 15 years (§4B1.1(E)) for offense level 24. When 3 levels for acceptance of responsibility are substracted, the offense level becomes 21, at criminal history category of VI as a career offender, Petitioner's sentence becomes 77-97 months. And because this Court initially sentenced him at the low end of the guidelines range, 77 months becomes the sentence to impose at re-sentencing.

3. EVEN IF THE OFFENSE STATUTORY MAXIMUM WHERE DRUG QUANTITY WAS NOT FOUND BY THE JURY WERE TO STILL BE 0-20 YEARS UNDER 21 U.S.C., §841(b)(1)(C), PETITIONER'S SENTENCE IS STILL VIOLATIVE OF THE CONSTITUTION.

Under the guidelines when the offense statutory maximum is gleaned from 21 U.S.C., §841(b)(1)(C), it falls under §4B1.1(C) (20 years or more, but less than 25 years) for offense level 32. When 3 levels for acceptance of responsibility are substracted, we are left with level 29, at criminal history category VI for the sentencing range of 151 to 188 months, and since the low end of the guidelines was used at the initial sentencing, 151 months becomes the sentence that will conform with Apprendi, Blakely and the Sixth Amendment of the constitution. To the extent that an argument could be made that 188 months was in the guidelines

initially used to sentence Petitioner, as such no prejudice exists, courts have held that using the wrong guidelines range that happens to accidentally overlap with the arguably correct sentence cannot be deemed to be harmless. See United States v. Knight, 266 F.3d 203(3rd Cir. 2001)(a defendant has a right to a sentence that not only falls within a legally permissible range, but was imposed pursuant to correctly applied law.) See also Glover v. United States, 531 U.S. 198(2001).

Accordingky, a re-sentencing is warranted herein. Wherefore, Petitioner respectfully prays.

Respectfully Submitted:

Lorenzo Woods, Pro Se
Petitioner

Certificate of Service
I cerifty that a true and correct copy of the within Section 2255 motion has been sent to the following:
Gerard B. Sullivan, AUSA
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

Dated: 5 day of August , 2004.

AO 243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District: District of Rhode Island | |
|---|---|---|
| Name of Movant: Lorenzo Woods | Prisoner No.: | Case No.: 00-00092-T |
| Place of Confinement: FCI Elkton, P.O.Box 10, Lisbon, Ohio 44432 | | |

UNITED STATES OF AMERICA V. Lorenzo Woods
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack District of Rhode Island

2. Date of judgment of conviction October 2, 2000

3. Length of sentence 188 Months

4. Nature of offense involved (all counts) Violation of 21 U.S.C., §846 and §841.

5. What was your plea? (Check one)
   - (a) Not guilty ☐
   - (b) Guilty ☒
   - (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   Not Applicable (NA)

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   - (a) Jury ☐
   - (b) Judge only ☒

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court United States Court of Appeals, First Circuit

(b) Result Judgment affirmed

(c) Date of result January 30, 2003

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court NA

(2) Nature of proceeding NA

(3) Grounds raised NA

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result NA

(6) Date of result NA

(b) As to any second petition, application or motion give the same information:

(1) Name of court NA

(2) Nature of proceeding NA

(3) Grounds raised NA

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result NA

(6) Date of result NA

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc. Yes ☐ No ☒
(2) Second petition, etc. Yes ☐ No ☒

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

NA

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Petitioner's Sentence Is Unconstitutional Because The Applicable Drug Quantity Was Decided By This Court Contrary To Blakely.

Supporting FACTS (state *briefly* without citing cases or law)

Please See attached memorandum of law in support.

B. Ground two: Even If Detectable Amount Of Drug Is Not Used, And That 50 Grams But Less Than 150 Grams Of Cocaine Base(As The PSI Found) Were To Be Used, Petitioner's Sentence Is Still Violative Of The Constitution.

Supporting FACTS (state *briefly* without citing cases or law):

Please See attached memorandum of law in support.

C. Ground three: Even If The Offense Statutory Maximum Where Drug Quanitity Was Not Found By The Jury Were To Still Be 0-20 Year Under §841(b)(1)(C), Petitioner's Sentence Is Still Violative Of The Constitution.

Supporting FACTS (state *briefly* without citing cases or law):

Please See the attached memorandum of law in support.

D. Ground four: NA

Supporting FACTS (state *briefly* without citing cases or law):

NA

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

NA

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☒ No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing Francis R. Williams, Esq.
1229 Putnam Pike, Chepachet, RI 02814

(b) At arraignment and plea Same As Above

(c) At trial Same As Above

(d) At sentencing Cynthia A. Vincent, Esq.
343 Rivet Street, New Bedford, MA 02744

AO 243 (Rev. 5/85)

(e) On appeal Same As Above

(f) In any post-conviction proceeding Pro Se

(g) On appeal from any adverse ruling in a post-conviction proceeding

NA

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future:

NA

(b) Give date and length of the above sentence: NA

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

August 5, 2004
(date)

Lorenzo Wood
Signature of Movant