UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORENZO WOODS | : | |
| | : | |
| v. | : | C.A. No.: 04-342T |
| | : | |
| UNITED STATES OF AMERICA | : | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO VACATE, SET ASIDE AND/OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Now comes the United States of America and hereby objects to Defendant's Motion to Vacate, Set Aside and/or Correct Sentence Pursuant to 28 U.S.C. § 2255 for the reasons set forth in the attached memorandum of law.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Gerard B. Sullivan

GERARD B. SULLIVAN
Chief, Criminal Division

**CERTIFICATION**

I hereby certify that on this 13th day of September, 2004, a true copy of the within was sent first-class, postage prepaid mail to Lorenzo Woods, Prisoner No. 04881-070, FCI Elkton, P.O. Box 10, Lisbon, OH 44432.

Paula Harsey

3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORENZO WOODS | : | |
| | : | |
| v. | : | C.A. No.: 04-342T |
| | : | |
| UNITED STATES OF AMERICA | : | |

**MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO VACATE, SET ASIDE AND/OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

## I. PROCEDURAL HISTORY

On October 2, 2000, Lorenzo Woods ("Woods") pled guilty to conspiring to distribute five grams or more of cocaine base (Count 1), distributing five grams or more of cocaine base on March 11, 1999 (Count 2), and distributing an unspecified amount of cocaine base on June 17, 1999 (Count 3), in violation of 21 U.S.C. §§ 841(a)(1) and 846. On February 16, 2001, after denying a request for a downward departure, this Court sentenced Woods, as a career offender, to 188 months on each Count, to run concurrently; five years of supervised release on Counts I and II, to run concurrently; and 3 years of supervised release on Count III.

Woods filed a timely appeal to the United States Circuit Court of Appeals for the First Circuit. Woods' appeal was denied on January 31, 2003. United States v. Woods, 55 Fed. Appx. 5, 2003 WL 203274 (1st Cir. 2003). His sentence became final on May 1, 2003. On August 11, 2004, Woods filed this motion pursuant to 28 U.S.C. § 2255.

On direct appeal the defendant argued that he should have received a downward departure because his treatment as a career offender overstates the seriousness of his criminal record. It appears defendant also argued that the court misapprehended its authority to depart because, according to him, the court was under a false impression that the lengthy sentence that Woods faced was driven by the drug quantity at issue and not by his criminal record. Both arguments were rejected and his judgment and sentence were affirmed. United States v. Woods, 55 Fed. Appx. 5, 2003 WL 203274 (1st Cir. 2003).

The petitioner now argues that his sentence is unconstitutional because the applicable drug quantity was decided by the court contrary to Blakely v. Washington, 124 S.Ct. 2531 (2004). For all of the reasons argued below, Woods' motion should be denied.

## II. ARGUMENT

### A. The § 2255 Motion is Untimely

Unless one of three statutory exceptions applies, a § 2255 motion must be filed within one year of the date on which "the judgment of conviction becomes final." 28 U.S.C. § 2255(1). In a case where a defendant files a direct appeal but not a petition for a writ of certiorari, as happened here, the judgment of conviction becomes final upon the expiration of the 90-day period in which the defendant could have filed such a petition. United States v. Derman, 298 F.3d 34, 38-39 (1st Cir. 2002).

The First Circuit affirmed Woods' convictions and sentence on January 31, 2003. The time for filing a petition for a writ of certiorari expired on May 1, 2003. Derman, 298 F.3d at 38; Sup. Ct. R. 13(1). Thus, petitioner had until May 1, 2004 to file his § 2255 motion. His § 2255 motion was filed on August 11, 2004, making it over three months late. Woods' petition is time barred.[1]

**B. Defendant's Blakely claims are procedurally barred and without merit**

1. Blakely does not apply retroactively.

The defendant raises the issue of whether he was sentenced in contravention of the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004). These claims should be denied, as Blakely does not apply retroactively to cases on collateral review.

In Blakely, the Court held that the application of a Washington sentencing procedure did not comport with the Sixth Amendment where a pertinent sentencing finding was made by a judge rather than a jury. The Supreme Court held that this

[1] Faced with this problem, Woods appears to invoke one of the statutory exceptions to the statutory deadline. This exception gives a petitioner one year from, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review". 28 U.S.C. § 2255(3). The Supreme Court has not expressly made Blakely retroactively applicable. This Court, for the reasons stated in this memorandum, should not consider applying Blakely retroactively.

procedure violated the principle set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000), which held that any fact which increases a statutory maximum sentence must be found by the jury under a reasonable doubt standard. The Blakely Court stated that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" Blakely, 124 S. Ct. at 2537 (emphasis in original).

Blakely did not announce a new rule of law. In Blakely, the Supreme Court only extended the rule in Apprendi. See, In re Dean, No. 04-13244, 2004 WL 1534788, at *3 (11th Cir. July 9, 2004)("Blakely ... is based on an extension of *Apprendi*"); Patterson v. United States, No. 03-CV-74948-DT, 2004 WL 1615058, AT *4 n.3 (E.D. Mich. July 2, 2004)("*Blakely* is in fact an extension of the rule announced in *Apprendi v. New Jersey*"); United States v. Stoltz, No. CIV. 03-5580, 2004 WL 1619131, at *2 (D. Minn. July 19, 2004)("[i]n *Blakely*, the Court extended its holding in *Apprendi v. New Jersey*"); and Garcia v. United States, No. 04-CV-0465, 2004 WL 1752588, at *5 (N.D.N.Y. August 4, 2004)(*Blakely* extends the rule found in *Apprendi*). As Apprendi does not apply retroactively to collateral attacks and "*Blakely* is an extension of *Apprendi*, *Blakely* is similarly limited to prospective application." Garcia, 2004 WL 1752588, at *5; In re Dean, 2004 WL 1534788, at *3; Patterson, 2004 WL 1615058, at *4 n.3.

The Supreme Court has long held that its new constitutional decisions are not necessarily applicable to proceedings that had been completed when the new decisions were rendered. See, e.g. Allen v. Hardy, 478 U.S. 255 (1986) (jury selection rule of Batson v. Kentucky, 476 U.S. 79 (1986), not applicable to cases on collateral review); Solem v. Stumes, 465 U.S. 638 (1984) (custodial interrogation rule of Edwards v. Arizona, 451 U.S. 477 (1984), not applicable to cases on collateral review); Michigan v. Payne, 412 U.S. 47 (1973) (prophylactic sentencing rule of North Carolina v. Pearce, 395 U.S. 711 (1969), not retroactive).

The governing rule was set forth in Teague v. Lane, 489 U.S. 288 (1989) -- "new rules should always be applied retroactively to cases on direct review, but that generally they should not be applied retroactively to criminal cases on collateral review." Id. at 303. The latter principle is subject to only two narrow exceptions. First, a new rule should be applied to cases on collateral review if it places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." Id. at 311. Second, a new rule should be applied retroactively if it implicates fundamental fairness in a way that seriously affects the likelihood of an accurate conviction. Id. at 312-13. The Supreme Court has limited the class of new rules which concern fundamental fairness to "watershed rules of criminal procedure implicating fundamental fairness and accuracy of the criminal proceeding." "Whatever the

precise scope of this exception, it is clearly meant to apply only to a small core of rules requiring 'observance of those procedures that . . . are implicit in the concept of ordered liberty.'" Graham v. Collins, 506 U.S. at 478, quoting Teague, 489 U.S. at 311.

As the Supreme Court explained in O'Dell v. Netherland, 521 U.S. 151, 156 (1997) "[t]he Teague inquiry is conducted in three steps." The first step is to determine whether the defendant's conviction became final prior to the new decision he invokes. If the conviction was not final, he is entitled to the benefit of the decision. If the conviction did become final before the new decision, the second step is to determine whether the decision adopts a new rule. If the new decision does not adopt a new rule, again he is not entitled to the benefit of that decision. If the decision did adopt a new rule, the third step is to determine whether one of the two narrow exceptions applies; that is, if the decision decriminalized the conduct or effected the fundamental fairness of the conviction. If either exception applies, the defendant is entitled to the benefit of the new decision. If neither exception applies, the defendant is not entitled to the benefit of the decision and the inquiry ends.

In this case, it is undisputed that the petitioner's conviction became final before June 24, 2004, the date of the Blakely decision. Thus, the inquiry moves to the second step. Blakely clearly adopted a new rule. Because Blakely constitutes

a new rule of procedure, the question remains whether it is subject to either of the exceptions outlined in Teague -- for new substantive rules which change the definition of criminal conduct, or for "watershed" rules addressed to matters of fundamental fairness.

The fact that Blakely is not subject to either of these exceptions was essentially decided by the Supreme Court on the same day that it decided Blakely. In Schriro v. Summerlin, 124 S. Ct. 2519, 2526 (2004), the Court held that the decision in Ring v. Arizona, 536 U.S. 584 (2002), which extended the *Apprendi* rule to facts increasing a sentence from life to death, does not apply retroactively to cases already final on direct review. In Summerlin, the Court confirmed that Ring (and by extension, Apprendi) is in fact a procedural rule subject to Teague. Second, the Summerlin Court also rejected the contention that the jury requirement for sentencing factors established in Apprendi and Ring was a "watershed" rule demanding retroactive application. Id. at 2523. In fact, the First Circuit has refused to apply Apprendi retroactively. Sepulveda v. United States, 330 F.3d 55, 60-61 (1st Cir. 2003)

For these reasons, a claim of error under Blakely may not be raised in a case, like this one, which became final prior to the Blakely decision. Accord United States v. Beatty, 2004 WL 1759028 (4th Cir. Aug. 5, 2004) (denying certificate of

appealability to raise Blakely claim because Blakely does not apply on collateral review).

2. Blakely does not apply in any event because Woods' sentence was based on the career offender provision and not on any "factual enhancements"

In addition to it being procedurally barred, Woods' reliance on Blakely is misplaced insofar as his sentence was determined based on his status as a career offender and not because of the quantity of drugs involved. In other words, it was the fact that Woods was classified as a career offender based on his prior convictions that led to his sentence calculation. (2/16/01:18). The precise drug quantity was irrelevant to determining Woods' sentence calculations, except that the court sentenced him to the lowest allowable sentence based on the relatively small amount of crack involved.[2] Thus, there were no "fact-based" enhancements to which Woods did not admit. Accordingly, Blakely has no bearing on Petitioner's sentence.

In Almendarez-Torres v. United States, 523 U.S. 224 (1998),

---

[2] Specifically, the Court found that "Mr. Woods is a career offender, and a career offender is automatically classified as having a criminal history of 6. ... Mr. Woods has 17 criminal history points, which is well above what would otherwise be required to put him in criminal history category 6." (2/16/01:14). Additionally, the court, when imposing Woods' sentenced, observed in part:"[A]s your counsel has pointed out, the quantity of crack involved in this case was a relatively small quantity and the reason that you're facing such a stiff sentence for such a relatively small quantity isn't the quantity involved in this case, but it's your criminal history." (2/16/01:18.)

the Supreme Court held that the existence of a prior conviction, which increases the statutory maximum sentence faced by the defendant, may be determined by the judge at sentencing and need not be alleged in the indictment or established as an element of the offense. In Apprendi v. New Jersey, 530 U.S. 466 (2000), when ruling that a fact which increases a statutory maximum penalty must be proven to a jury beyond a reasonable doubt, the Court specifically declined to overrule Almendarez-Torres, and excluded the fact of a prior conviction from its holding. Id. at 489-90.

Blakely did not disturb this status quo. In that case, in restating the Apprendi holding, the Court once again carved out prior convictions from its statement regarding the necessity of a jury finding regarding facts which enhance a statutory maximum sentence. 124 S. Ct. at 2536-37. In the wake of Blakely, courts have so confirmed. See, e.g., United States v. Cooper, 2004 WL 1598798, at *11 n.3 (10th Cir. July 19, 2004) (application of three-strikes law); United States v. Marseille, 2004 WL 1627026 (11th Cir. July 21, 2004). See also United States v. Coplin, No. 03-1570, mem. op. at 10-12 (3d Cir. Aug. 9, 2004) (not precedential) (Court must adhere to Almendarez-Torres despite Blakely; commission of prior felony drug offense which increases mandatory minimum penalty under 21 U.S.C. § 841 may be found by court); United States v. Byrd, 2004 WL 1618832 (W.D. Tx July 20, 2004) (Blakely does not apply to career offender provision).

## V. Conclusion

For the reasons set forth above, this Court should deny Woods' petition for postconviction relief.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

GERARD B. SULLIVAN
Chief, Criminal Division

**CERTIFICATION**

I hereby certify that on this 13th day of September, 2004, a true copy of the within was sent first-class, postage prepaid mail to Lorenzo Woods, Prisoner No. 04881-070, FCI Elkton, P.O. Box 10, Lisbon, OH 44432.