UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LORENZO WOODS, *
Petitioner, *
-vs- * C.A. No. 04-342-T
UNITED STATES OF AMERICA, *
Respondent. *

PETITIONER'S TRAVERSE TO THE
THE GOVERNMENT'S RESPONSE TO
PETITIONER'S SECTION 2255 SUB JUDICE

A. In Petitioner's opening section 2255 motion, he clearly conceded that for the purpose of the time constraint levied by the Anti-Terrorism And Effective Death Penalty Act(AEDPA), that his motion was untimely. Therefore, there was no real need for the government to belabor this issue.

B. Based on Blakely v. Washington, 124 S. Ct. 2532(2004), however, Petitioner's section 2255 motion is timely because a petitioner could rely on a caselaw that is retroactively applicable on collateral review to attack his sentence as long as the relied-upon motion emerged after the expiration of the statute of limitation to re-start the required one-year (12 months).

Blakely is an extension of Apprendi v. New Jersey, 120 S.Ct. 2348(2000), and the government does not oppose this. See Govt. Res., @ 4, citing Patterson v. United States, No. 03-CV-74948-DT, 2004 WL 1615058, *4, n.3(E.D.Mich., July 2, 2004)("Blakely is in fact an extension of the rule announced in Apprendi v. New Jersey.")



4

And since Petitioner's conviction became final when Apprendi had already been decided (May 1, 2003), the analysis of retroactivity does not apply here.

Petitioner's reliance of Blakely is because of the clarification it offers, changing the way the federal courts in this land understood the term "statutort maximum." This aspect of Blakely which only clarified the rule already announced in Apprendi does not trigger a new retroactivity analysis, but allows one to now raise a claim which the misunderstanding of the term "statutory maximum" earlier precluded. This is so because in Shriro v. Summerlin, 159 L. Ed 2d 442(2004), n.5, the Supreme Court observed that "[e]ven if our **understanding** of state law changed, however, the actual content of state law did not." This in essence imparts on this discourse about Blakely and it's clarification of Apprendi. The fact that Blakely now makes everyone understand what Apprendi meant by "statutory maximum," does not change what Apprendi had always meant. As such, it is not itself a new rule of law. But the **fact** that its clarification makes it easier and now practicable for a court to employ the true meaning of "statutory maximum," then Petitioner can bring his motion relying on Blakely, which was handed down on June 26, 2004, given the Petitioner 12 months from that date to raise his claims of Apprendi/Blakely.

It should be noted that the government maintained two diametrically opposed positions here; at-any-cost to win its argument: "Blakely did not announce a new rule of law." See page 4; "Blakely constitutes a new rule of procedure..." See page 7. This is an unscrupulous

way to aid this court in its legal analysis, and should not be allowed.

Because Petitioner's case did not yet become final when Apprendi was decided, and Blakely only extended Apprendi, Blakely clearly applies retroactively to Petitioner's case.

In any event, the combination of Shriro v. Summerlin, 124 S.Ct. 2519(2004)(which recognized an Apprendi-type error as effecting fundamental fairness), and In Re Winship, 397 U.S. 358(1970)(which recognized the grave importance of the 'beyond a reasonable doubt standard" as the staple for determining accuracy or reliability of the outcome....and made retroactive in Ivan V v. City of New York, 407 U.S. 203, 205(1972)), per Tyler v. Cain 533 U.S. 656, 666(2001) (which held that the right combination of cases from the Supreme Court can dictate retroactivity of a new rule), has made Blakely retroactive on collateral review. One might ask why the Supreme Court in Shriro refused to make Ring v. Arizona, a progeny of Apprendi, retroactive. The answer is clear in the Court's comment on footnote number 2 of the opinion. There, the Court observed that the Arizona statute which was at issue already had imbeded in it the requirement that whether it be the judge or the jury making factual findings on what could enhance a defendant's sentence, such findings must be made by beyond a reasonable doubt. Accordingly, that very important aspect of what determines the accuracy of the outcome has already been taken care of in the Arizona statute unlike in Apprendi or Blakely.

By the High Court agreeing that jury trial affects fundamental fairness, the only one prong of the two prongs of Teague v. Lane's second exception to retroactivity, would have been approved had

Arizona's statute been silent about the standard of proof required in finding aggravating facts that drives sentencing. By clear implication, Shriro actually made Apprendi, a fortiori Blakely retroactively applicable on collateral review.

C. Using the new understanding of "statutory maximum," as explained by Blakely, it is clear that the calculation of Petitioner's career offender guidelines was wrong.

To apply the guidelines for a career offender under the United States Sentencing Guidelines, §4B1.1(a), statutory maximums are required. And since Blakely indicated that a statutory maximum is the maximum a judge may impose without any further findings from what a defendant admitted to, or the jury found. Id., Here, therefore, to calculate Petitioner's career offender guidelines, which are driven by statutory maximus, we must start with what the statutory maximum for what Petitioner admitted to was, and because he did not admit to any wuantity (and in fact the Court stated that "[t]he precise drug quantity was irrelevant to determining Woods' sentencing calculations" and that "relatively small amount of crack [was] involed.") Id., See Govt. Res. @ 8.

In this case, to determine the statutory maximum under §4B1.1(a), since no drug quantity was admitted by this Petitioner nor was there a jury, only detectable amount has to be used, and that is found at base offense level 12 with a sentencing range of 10-16 months. See United States v. Ameline, 376 F.3d 967(9th Cir. 2004).

There is no need to repeat Petitioner's argument on calculations affetcing his sentence, and its alternatives, as the government did

not attack the calculations in the opening brief. This Court should rely on the three alternative calculations offered in the motion, and use the one that most appropriately represents the Supreme Court's interpretation of statutory maximum.

Wherefore, Petitioner respectfully prays.

Respectfully Submitted:

Lorenzo Woods, Pro Se
Petitioner

Certificate of Service
I certify that a true and correct copy of the within motion has been sent to the following:

Gerard B. Sullivan, AUSA
United States Attorney's Office
District of Rhode Island
50 Kennedy Plaza, Eighth Floor
Providence, Rhode Island 02903

Dated: 23 day of September , 2004.