UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LORENZO WOODS, *
Petitioner, *
-vs- * C.A. 04-342-T
UNITED STATES OF AMERICA, *
Respondent. *

MOTION FOR SUPPLEMENTAL SUBMISSION
TO PETITIONER'S PENDING §2255 MOTION

Rule 15(a), Federal Rules of Civil Procedure allows a petitioner to file a supplemental to a pending motion. This supplemental is also filed pursuant to 28 U.S.C., §2255(4) ("the date on which the fact supporting the claim or claims presented could have been discovered through the exercise of due diligence.")

The Supreme Court has recently ruled that discovering something out of a person's prior conviction is a "fact" as used under the statute and caselaw. See United States v. Johnson, No. 03-9685, 4/4/05 (U.S. SCt. 2005).

Here, Petitioner recently discovered that in 1993 while he had an attorney for his plea, he had no attorney for sentencing. The document that revealed this information was sought for but was not released until recently. See transcript of proceeding of November 22, 1993.

On the record, before Petitioner took his plea, he expressed his dissatisfaction with his attorney, basically stating he didn't want him. Counsel made it also clearly known to the trial court who acknowledged same.



5

While Petitioner opted to continue without counsel, he was not apprised by the trial court that another counsel could be appointed to him. Instead, the trial court simply stated that Petitioner should not come back later and complain that he did not have a lawyer. See Transcript, @ 4--as attached.

Immediately after the exchange, counsel excused himself while the court continued to colloquy the Petitioner, and seubsequently took the plea and sentenced Petitioner all on the same day.

The Supreme Court in Johnson says that a situation such as this one does not require the Petitioner going back to the state court to challenge the conviction and sentence for lack of counsel because a violation of Gideon v. Wainwright, 9 L. Ed 2d 799(1963) is a jurisdictional claim that can be raised in a section 2255 motion. See Daniels v. United States, 149 L. Ed 2d 590(2001).

Because Petitioner now recently came about this "fact", Johnson says his petition could be timely under §2255(4) as long as he exercised due diligence. And Petitioner posits that he did exercise due diligence in trying to secure the transcripts which he just recently received. It was not Petitioner's fault that for all this time he was tring to obtain the trancripts which he now finally got.

Wherefore, this Court must vacate the state conviction under No. 2538 C.A. entered in the court of Commom Pleas of York County, Pennsylvania, and order a resentencing in the federal case which the state counsel-less conviction impacted.

Respectfully Submitted:

Lorenzo Woods, Pro Se
Petitioner

Certificate of Service

I certify that a true and correct copy of the within Motion has been sent to the following:

Gerard B. Sullivan AUSA
United States Attorney's office
50 Kennedy Plaza 8th floor
Providence, Rhode Island 02903

Respectfully Submitted:

Lorenzo Woods

Lorenzo Woods, Pro Se
Petitioner
FCI Elkton
P.O.Box 10
Lisbon, Ohio 44432

Dated: 15 day of May, 2005.

IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH | : | No. 2538 C. A. 1993 |
| | : | |
| VS. | : | 1) Delivery of Drugs |
| | : | 2) Criminal Conspiracy To Commit Delivery Of Drugs |
| | : | 3) False Reports to Law Enforcement Authorities |
| LORENZO WOODS | : | |

(Plea & Sentence)

York, Pa., Monday, November 22, 1993

Before the Honorable John H. Chronister, Judge

APPEARANCES:

WILLIAM H. GRAFF, Esquire
Assistant District Attorney
For the Commonwealth

J. DAVID MacVEIGH, Esquire
Assistant Public Defender
For the Defendant

* * *

ATTORNEY GRAFF: Commonwealth of Pennsylvania versus Lorenzo Woods, 2538 of 93. The charge is delivery of drugs, conspiracy to deliver drugs, and false reports.

He's before the Court today with counsel. He's pleading guilty to the offense as charged. He has, what I can determine, a prior record of score 2. The cocaine is 0.12 grams of cocaine giving him a guideline sentence of 15 to 20 months.

The Commonwealth has agreed to the bottom of the standard range in exchange for his plea to the delivery and the false reports. He has asked that we nol pros the conspiracy, and I have no problem doing that.

THE COURT: All right. Mr. Woods, you're admitting on June 10th, 1993, that you did commit the offense of delivery of cocaine?

THE DEFENDANT: Yes.

THE COURT: You have to answer.

And you're also charged with conspiracy. That means that you had an agreement with Mr. Dames, John Doe, known as Maoet Vernice Smith, and Benjamin Hawkins. Conspiracy would mean that you have reached an agreement with those persons and that the agreement was that you would commit the crime of delivery of cocaine and that in furtherance of that agreement one of you obtained the cocaine and did deliver it to another person.

THE DEFENDANT: Yes.

THE COURT: Also you've had the opportunity to review this guilty plea colloquy and discuss it with your attorney?

THE DEFENDANT: Yeah, I discussed it with him.

ATTORNEY MacVEIGH: Your Honor, there's one more offense here, false reports.

ATTORNEY GRAFF: When he was arrested, he gave his name as --

ATTORNEY MacVEIGH: Jacob Ferris.

ATTORNEY GRAFF: Jacob Ferries. Tried to pose as a juvenile. That didn't work.

THE COURT: All right. You're admitting that you're guilty of the crime of false reports to law enforcement officials in that you identified yourself to police officers as Jacob Ferris when, in fact, you knew that that was an incorrect name and that as a result that would implicate that another person was guilty of this offense?

THE DEFENDANT: Yes.

THE COURT: And from your reading of the guilty plea colloquy and discussion with your attorney do you understand your trial rights and that by pleading guilty you give up those rights?

THE DEFENDANT: Yes.

THE COURT: Now, in the colloquy I noticed on Item 35 you indicated -- question asked whether anybody forced you, threatened you, or coerced you directly or indirectly to enter this plea, and you wrote yes. Can you explain that, please?

THE DEFENDANT: Because my lawyer brought the D.A. back there and he told me -- he said something smart.

ATTORNEY MacVEIGH: Your Honor, specifically I asked Mr. Graff to tell him what would happen if he convicted him, and I believe Mr. Graff's response was, I'll try to put him in jail for a long time. Something to -- Words to that effect.

I explained to him that it typically happens that where the Defendant is convicted, after a trial he has no benefit of any plea proposal, that 15 months was on the table, but that he could not expect that he would get 15 months if convicted, that he could expect to get more than that. I did tell him that.

THE COURT: All right. You understand that nobody can force you to plead guilty?

THE DEFENDANT: Yes.

THE COURT: And if you're innocent, you have an absolute right to go to trial, and no matter what

the D.A. says about it, the D.A. doesn't control the sentencing process. That's up to the Judge.

THE DEFENDANT: Uh-huh.

THE COURT: And if you want to go to trial, you have the absolute right to go to trial and nobody can force you by any threats of whatever kind to make you plead guilty unless you're absolutely satisfied that that's your voluntary decision. You understand that?

THE DEFENDANT: Yes.

THE COURT: And the Judge would not give you more time as a result of your going to trial on the case just because you went to trial. That's your right.

THE DEFENDANT: Can you repeat that?

THE COURT: The Judge would not give you more time just because you went to trial. You have the right to go to trial, and the Judge would never give you more time just for the sole reason that you went to trial.

THE DEFENDANT: Yeah, I understand.

THE COURT: You're telling me that despite everything the D.A. said now that you understand your rights you still want to plead guilty?

THE DEFENDANT: Yes.

THE COURT: The Court will accept the plea, ask the Defendant to sign his name on the information signifying the plea.

ATTORNEY MacVEIGH: Your Honor, I'd direct your attention, please, to the question that asks about the satisfaction with the representation because Mr. Woods is not satisfied.

THE COURT: Is that correct, sir?

THE DEFENDANT: Yes.

THE COURT: Is there anything in particular

you want to tell me about it?

THE DEFENDANT: No, because he asks me to testify in a Federal thing and I -- He said he'd tell -- He said that would -- he would like get an immediate sentence and he said he would bring it up and supposedly he never did. He pressured me into doing it, and then when I asked him if he was going to bring it up, he said no.

ATTORNEY MacVEIGH: Your Honor, I did not say I would not bring it up.

THE DEFENDANT: You didn't bring it up though.

ATTORNEY MacVEIGH: You brought it up. I knew that you were going to. He testified in Federal Court, and I don't know, have not be able to confirm his claims to me that the people he testified against were convicted. I don't know what kind of offer, if any, was made to him for that. I know that Mr. Graff had not agreed to anything in exchange for his testimony in Federal Court here in State Court, and I've explained to Mr. Woods that I believe the chances of his conviction here after trial would be great, that I suggested to him that 15 months would be as good as it was going to get for him.

THE COURT: All right. Obviously if you've had cooperation with the law enforcement officials, that would be a possible mitigating circumstance and something that should be brought to the Court's attention.

THE DEFENDANT: Yes.

THE COURT: I agree with you that Mr. MacVeigh should have brought that to the Court's attention.

THE DEFENDANT: When I was in prison --

THE COURT: I'm agreeing with you. Don't argue. If I disagree with you, then you can argue. Don't argue when I agree with you.

THE DEFENDANT: Sorry.

THE COURT: Now, the problem with that is that that cooperation was in regard to a Federal matter, and the Federal authorities and the State authorities are different jurisdictions.

THE DEFENDANT: Uh-huh.

THE COURT: They are not bound by each other's actions so that the Commonwealth, Mr. Graff specifically, does not have to --

THE DEFENDANT: I understand.

THE COURT: -- do anything on your behalf because you helped the Federal authorities. Now, you have an option. You can accept the plea agreement that Mr. Graff has offered you on behalf of the Commonwealth --

THE DEFENDANT: I did.

THE COURT: -- or instead you can say that's not low enough, I just want to plead straight up and let the Judge decide what my fair sentence should be, and at that point you could call to the Court's attention whatever your cooperation may have been and it would be up to the Court to determine if that is enough to make the sentencing higher or lower. However, the Court wouldn't start at 15 months. The Court would make its own decision what a fair sentence would be and then take the cooperation into account if it was confirmed by the Federal authorities, and then independently taking all that into account, the Court would come up with a decision as to what a fair sentence would be. That can be lower than 15 months or it can be higher than 15 months. I have no way of knowing, and I don't know at this point either because I don't know enough about your case.

Now, the question is which of those options --

THE DEFENDANT: I'll just cop out.

THE COURT: Do you want to guarantee that you'll get 15 months and you'll accept the plea agreement --

THE DEFENDANT: Uh-huh.

THE COURT: -- or do you just want to --

THE DEFENDANT: I'll take the 15 months.

THE COURT: Very well.

The Court hereby sentences the Defendant to 15 to 30 months in the state penitentiary, direct that he pay the costs of prosecution. That sentence to apply to the drug charges.

To the false reports, 6 to 12 concurrent.

Any questions at this point?

THE DEFENDANT: No, that's all.

THE COURT: You understand that you can't come back later and say that you didn't have proper assistance of counsel or you didn't get a fair sentence or that you want a lower sentence or whatever? If you leave it stand at this point, then that's it, you can't come back.

THE DEFENDANT: I understand.

THE COURT: Very well.

* * *

sjl