IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LORENZO WOODS,<br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondant. | Crim. Dkt: 00-092-01 T<br>(Providence)<br>Hon. Ernest C. Torres |

**NOTICE AND MOTION FOR CORRECTION OF RECORD PURSUANT TO Rule 36, Fed.R.Crim.P**

COMES NOW, Lorenzo Woods, pro se, heretofor Movant, respectfully providing notice and supporting documentation of a clerical error in the record. Furthermore it is requested that the court amend and/or supplement the record in order to correct said error.

**BACKGROUND**

Movant was sentenced to 188 months for distribution of a controlled substance. He is now a federal prisoner serving his sentence at the Federal Correctional Institution at Elkton, Ohio, (FCI Elkton). On or about May 31, 2005, several years after the initial program review and/or custody classification the prison administration determined that the offense conduct describing a conviction for Attempted Criminal Possession of a weapon (11/21/91, New York City Police Department, Superior Court of Kings County), describes an act of serious violence and omits that portions of the description were unfounded allegations.

**NOTICE AND REQUEST FOR CORRECTION**

At page 7, paragraph 28 of the Pre-Sentence Report prepared by the U.S. Probation Office in abovementioned criminal case, it is indicated affirmatively that Movant was found in possession of a .9 mm cal. Taurus pistol, and further-

more that he pointed said pistol at a police officer.*

However, this information as stated, is incomplete, inaccurate and/or erroneous. Perhaps this information was taken from the allegations made in police reports or similar documents, with the specific purpose to report rather than state findings of fact. The above indicated information in the PSR, does not accurately reflect that Movant vehemently contested this allegation. Most importantly, he was partly vindicated when the charges related to said allegations were dismissed, thus absolving culpability in that regard.

Movant did in fact plead guilty to Attempted Criminal Possession of a Weapon-2nd degree. The discrepency between the affirmative statement in question and the related conviction is evident. It is factually impossible for Movant to point a pistol at a police officer not in his physical possesion. The conviction is not a result of savvy plea bargaining, these more serious allegations and charges were dismissed due to a lack of evidence. Exhibit A attests to the veracity of the claims made within this pleading.[a] This erroneous information is currently adversely affecting my custody score (classification) and program participation. The prison administration has indicated that only amendment of the record by this court will provide a remedy for the Movant. (Exhibit B)[a]

A suggested amendment would read as follows:

> **Upon further inquiry into the defendant's prior offense on 11/21/91, it was alleged that he was found in possession of a loaded .9 mm Taurus pistol that he allegedly pointed at a police officer. However these more serious charges were dismissed due to a lack of evidence and/or defect in the indictment and the defendant pled guilty to attempted criminal possession of a weapon.**

Movant did not commit the acts alleged. The misrepresentations in the PSR suggest a finding of fact, when on the contrary no such findings were made in

---

* It is respectfully requested that the Pre-sentence Report of the Movant is included with the Motion for consideration by the Court the Bureau of Prisons does not allow possession of this document.

[a] Exhibit A, Transcript New York v. Woods, Indictment No. 14857/91; Exhibit B, Response to Request for Administrative Remedy, T.R.Sniezek, Warden-FCI Elkton; hereby included and incorporated by reference.

this regard. It is imperative that action is taken to let the record reflect accuracy Movant's prior history culpability. Needless to say, such behavior is society in general, since Movant did not do this he should not be held accountable for such an act.

**CONCLUSION**

WHEREFORE, Movant respectfully requests that this Honorable Court correct by any available means, in order that the record accurately reflect Movant's Criminal History Conduct and culpability.

Respectfully Submitted,

Lorenzo Woods

Date: 3-29-06

Lorenzo Woods

**AFFIDAVIT AND CERTIFICATE OF SERVICE**

I, Lorenzo Woods, the undersigned affiant, hereby certifies under penalty of perjury that the above averments and statements are true and correct. I mailed a true and complete copy of this pleading via first class mail to:

U.S. Attorney's Office
Fleet Center
50 Kennedy Plaza
8th Floor
Providence, RI 02903

on this the 29 day of March 2006.

The above declarations are made pursuant to Title 28 USC §1746.

Lorenzo Woods

Lorenzo Woods, Affiant
Reg. No. 04481-070
FCI Elkton
P.O. Box 10
Lisbon, OH 44432-0010