SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF KINGS : CRIMINAL TERM : PART 21

------------------------------------- X

THE PEOPLE OF THE STATE OF NEW YORK : Indictment No. 14857/91

- against - :

LORENZO WOODS, : C.P.W. 2°

Defendant. : Proceeding

------------------------------------- X

360 Adams Street
Brooklyn, New York
Wednesday, January 29, 1992

Before:

HONORABLE ANNE G. FELDMAN,

Justice.

Appearances:

CHARLES J. HYNES, ESQ.
District Attorney, Kings County
For the People
BY: STACIE PITTELL, ESQ.
Assistant District Attorney

JUSTIN BARRY, ESQ.
Legal Aid Society
For the Defendant

JOHN M. JONES, C.S.R.
Senior Court Reporter

Exhibit, A.

Brooklyn, New York

Wednesday, January 29, 1992

THE CLERK: On page one, number seven, 14857/91, Lorenzo Woods.

MR. BARRY: Legal Aid Society by Justin Barry.

THE CLERK: Defendant Woods has made bail of a thousand dollars cash. Parker warnings were given last time.

THE COURT: You want to come up? You have the grand jury minutes?

MS. PITTELL: Yes, I have them. Handing the grand jury minutes to the Court.

(Off-the-record conference at the bench.)

THE COURT: Grand jury minutes have been inspected. The motion to dismiss is granted insofar as it seeks to dismiss criminal possession of a weapon in the second degree, insofar as there was no evidence presented that the defendant intended to use the weapon.

MR. BARRY: Your Honor, would that also go towards menacing? He's charged with a B misdemeanor, menacing.

THE COURT: Yes, menacing is also dismissed.

MS. PITTELL: People have leave to re-present?

THE COURT: Yes, with leave to re-present.

Mr. Woods, listen very carefully. Your

lawyer might explain this to you later, but I want to be sure you hear it from me.

I have read the grand jury minutes and it would appear that the police officer, in testifying before the grand jury, did not tell them that according to him you turned and pointed the gun at him and his partner as they were pursuing you. I don't know what happened that he didn't say it.

I am therefore dismissing that count, which carries with it a higher minimum sentence than the count of just possessing a weapon.

You understand what I'm telling you?

THE DEFENDANT: Yes.

THE COURT: However, the People can re-present it and probably will. If you're interested in disposing of this case and if you are in fact guilty of possessing a gun, I am offering you one to three years at this time. If you don't want it, you don't have to take it, but the People will probably re-present the case and you'll face a much higher charge the next time.

If you're interested in disposing of the case, discuss it with your lawyer.

(Pause.)

MR. BARRY: Your Honor, he indicated to me, as he has all along, that he's not guilty of the charges

and he wants to go to trial.

THE COURT: You want time to re-present?

MS. PITTELL: Yes, I would like time to re-present.

MR. BARRY: For the record, your Honor, I've already filed motions.

THE COURT: Yes, I see that.

MS. PITTELL: When did you do that?

MR. BARRY: The motions were served on the 22nd, I think, on the D.A.'s office.

MS. PITTELL: Do you want me then to answer them as if they were on all of the charges.

THE COURT: Well, it's up to you. Do you want to re-present? I don't know how you can answer it until you've had your presentation.

MS. PITTELL: Well, I kind of know what the facts will be. I'll hold off until I make a decision, then I'll answer it either on the charges as they stand now or on the re-presented charges.

THE COURT: What date are you asking for?

MS. PITTELL: Sometime in the week of the 17th.

THE COURT: I don't want to put it on and you tell me you haven't re-presented it yet.

MS. PITTELL: Make it the week of the 24th.

THE COURT: That's fine.

The 27th?

MS. PITTELL: That's fine for re-presentation or response to motions.

MR. BARRY: Thank you, your Honor.

* * * * *

Certified to be an accurate transcript of the minutes in the above proceeding.

John M. Jones

John M. Jones, C.S.R.
Senior Court Reporter (retired)
Supreme Court Kings County