UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LORENZO WOODS

v.                                    C.A. No. 04-342 T

UNITED STATES OF AMERICA

**MEMORANDUM AND ORDER**

ERNEST C. TORRES, Senior United States District Judge.

Lorenzo Woods has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons hereinafter stated, Woods' motion is denied.

**Background Facts**

On October 2, 2000, Woods pled guilty to conspiring to distribute 5 grams or more of cocaine base and distributing 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. On March 9, 2001, this Court found that Woods was a career offender within the meaning of United States Sentencing Guideline § 4B1.1 and sentenced him to 188 months imprisonment, the minimum sentence under the applicable Guideline range. Woods appealed claiming, among other things, that this Court erred in finding him to be a career offender. The Court of Appeals affirmed his conviction on January 31, 2003, see 55 Fed.Appx. 5 (1st Cir. 2003), and Woods did not seek further review.

**The § 2255 Motion**

In his § 2255 motion Woods claims that: (1) his sentence is

1

unconstitutional under Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), because the quantity of drugs involved was determined by the Court rather than a jury, and (2) that this Court erred in applying the career offender provision of the Sentencing Guidelines. In addition, Woods has filed a "supplemental" claim that the career offender provisions are inapplicable to him because one of his predicate convictions was a 1993 Pennsylvania state court conviction for which he was unrepresented by counsel at the time of sentencing.

## Analysis

I.  Timeliness

Section 2255 establishes a one-year statute of limitations for a defendant to challenge his sentence. Generally, the one-year period begins to run when the judgment of conviction becomes final which, in this case, was May 1, 2003. See 28 U.S.C. § 2255, ¶ 6(1); Clay v. United States, 537 U.S. 522, 525, 123 S.Ct. 1072 (2003) (a conviction becomes final when the time expires for filing a petition for certiorari). However, Woods argues that, although his motion was not filed until August 11, 2004, it is timely under the exception created by § 2255, ¶6(3) which provides, alternatively, that the one-year period begins running from:

> the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

28 U.S.C. § 2255, ¶ 6(3).

2

There are at least two reasons why Woods' argument lacks merit. First, <u>Blakely</u> neither recognizes a new right nor applies retroactively to Pineda's case. <u>Blakely</u> merely extended the rule previously announced in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and <u>Apprendi</u> predates Woods' conviction. See <u>Blakely</u>, 542 U.S. at 301 ("This case requires us to apply the rule we expressed in <u>Apprendi</u> ...").[1] In any event, the First Circuit has held that <u>Blakely</u> does not retroactively apply to cases on collateral review. <u>Cuevas v. Derosa</u>, 386 F.3d 367, 367-368 (1st Cir. 2004).

Even if <u>Blakely</u> did announce a new rule that is retroactively applicable, it would provide no support for Woods' claim. <u>Blakely</u> stands for the proposition that any fact that would increase the maximum statutory sentence must be found by a jury beyond a reasonable doubt rather than by the Court. However, Woods' sentence was not based on any finding by the Court regarding the quantity of drugs involved in his offenses. Instead, it was based on the determination that he was a career offender because of his prior convictions, and it is well established that the existence of prior convictions may be made by the Court even where they result

---

[1] Like <u>Blakley</u>, the Supreme Court's subsequent decision in <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738 (2005), also simply applies the rule established by <u>Apprendi</u> and is not retroactive to cases on collateral review. See <u>Ivery</u>, 427 F.3d at 75 (describing <u>Booker</u> as applying <u>Apprendi</u> to hold federal Sentencing Guidelines unconstitutional to extent they are mandatory); <u>Cirilo-Munoz v. United States</u>, 404 F.3d 527, 532 (1st Cir. 2005).

3

in a greater sentence. <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). <u>See</u> <u>Blakely</u>, 542 U.S. at 301; <u>Booker</u>, 543 U.S. at 244; <u>Ivery</u>, 427 F.3d at 74-75 ("the rationale of <u>Apprendi</u> does not apply to sentence-enhancement provisions based upon prior criminal convictions. ... Nothing in <u>Blakely</u> or <u>Booker</u> alters the continuing vitality of [this] exception to <u>Apprendi</u>.").

II. <u>Career Offender Status</u>

To the extent Woods argues that this Court erred in classifying him as a career offender, that argument is precluded by the fact that it was rejected by the First Circuit on appeal, <u>Woods</u>, 55 Fed.Appx. at 5 (concluding that this Court properly applied career offender guideline at sentencing). <u>See</u> <u>Singleton v. United States</u>, 26 F.3d 233, 240 (1st Cir. 1994) ("issues disposed of in any prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion"), quoting <u>Dirring v. United States</u>, 370 F.2d 862, 864 (1st Cir. 1967); <u>Argencourt v. United States</u>, 78 F.3d 14,16 n.1 (1st Cir. 1996).

In addition, Woods' assertion that his Pennsylvania conviction is invalid because he was not represented by counsel when sentence was imposed is flatly contradicted by the transcript of Woods' sentencing hearing which shows that his counsel <u>was</u> present. See Transcript of 11/22/93 plea and sentencing hearing in <u>Commonwealth v. Lorenzo Woods</u>, Docket No. 2538, CA 1993 (Pennsylvania Court of Common Pleas, York County) (attached to Woods' Supplemental

4

Submission at pp. 1-7).

Furthermore, even if one accepts the premise that Woods was unrepresented at the time he was sentenced, his challenge is not timely. Woods argues that it is timely under § 2255, ¶ 6(4) because his motion was filed within one year after: "the date on which the facts supporting the claim ... could have been discovered through the exercise of due diligence" but Woods clearly would have known that counsel was not present eleven years ago when sentence was imposed.

Finally, Woods is foreclosed from, now, challenging the validity of the Pennsylvania conviction because he failed to raise that challenge during sentencing by this Court. <u>Daniels v. United States</u>, 532 U.S. 374, 121 S.Ct. 1578 (2001) ("A defendant may challenge a prior conviction as the product of a <u>Gideon</u> violation in a § 2255 motion, but generally only if he raised that claim at his federal sentencing proceeding.").

## Conclusion

For all of the foregoing reasons, Woods' § 2255 motion is denied and his petition is dismissed.

IT IS SO ORDERED:

_Ernest C. Torres_
Ernest C. Torres
Sr. U.S. District Judge

Date: 2/16/07

5