UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LORENZO WOODS, *

Petitioner, *

-vs- * C.A. No. 04-342-T

UNITED STATES OF AMERICA, *

Respondent. *

## REQUEST FOR A CERTIFICATE OF APPEALABILITY

COMES NOW, Lorenzo Woods, and hereby respectfully moves this Honorable Court to consider and grant this request for a certificate of appealability for the reasons that will be stated.

It is already known that the district court can and should review a request for a certificate of appealability first hand. See Lyons v. Ohio Adult Parole Authority, 105 F.3d 1063(6th Cir. 1997).(district court had authority to issue certificate of appealability under Anti-terrorism and Effective Death Penalty Act.) In so reviewing, the district court must try to divorce itself from sentiments of looking at such a motion as one for reconsideration of its order. Instead, the district court must determine simply whether the claim brought forth can be debatable by jurists of reason. In other words, the court should decide whether the clain deserves any encouragement to proceed further. It need not decide what ultimately would be the outcome on appeal. See Slack v. McDaniel, 146 L.Ed 2d 542(2000).

As to the issue Number One, the United States v. Booker, 543 U.S. 220, 125 S. Ct. 738(2005), has not yet been made retroactive by the Supreme Court to cases on collateral attack, this Petitioner has an

argument, however, that since the sentencing guidelines are no longer mandatory, this Court would not be bound to apply the career offender guidelines to this Petitioner. But at this point, a request for certificate of appealability on this claim would not be well taken because the retroactivity issue is not debatable in any of the circuits.

As to the issue Number Two, it is respectefully urged that while the First Circuit Court of Appeals has once reviewed the issue of career offender on Petitioner's direct appeal, Petitioner's argument here, when read under the less stringent standard required by the Supreme Court, of pro se petitions (See Haines v. Kerner, 404 U.S. 519 (1972)), this Court could read into Petitioner's section 2255 motion that this counsel failed to properly raise the claim of lack of coubsel at Petitioner's sentencing as required by Daniel v. United States, 532 U.S. 374, 121 S.Ct. 1578(2001). Furthermore, as to Petitioner's failure to discover the lack of counsel at his sentence, Petitioner got it confused because counsel entered his appearance at the state sentencing, but then left after having told Petitioner that he needed not be there at sentencing because such procedure is controlled by pre-sentence reports. By the time Petitioner discovered that counsel lied to him, and obtained his transcripts to confirm that all he did was enter his appearance and leave, the one year statute of limitation elaped for filing a timely motion. But because Petitioner was diligent in gathering the information, equitable tolling should apply. As such the question here is whether the statute of limitations will be tolled for Petitioner to pursue the relied upon information under due diligence.

A certificate of appealability should be issued so that the First Circuit would decide this claim, and whatever their decision will be, Petitioner would respect it.

Wherefore, Petitioner respectfully prays.

Respectfully Submitted:

Lorenzo Woods, Pro Se
Petitioner

Certificate of Service
I certify that a true and correct copy of the within Motion has been sent to the following:

Gerard B. Sullivan, AUSA
United States Attorney's Office
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

Dated: 8 day of March, 2007.